IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEN SALAZAR, | ) | 8:14CV304 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA VA MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Ben Salazar filed his Complaint in this matter on October 3, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brought this action against the Veterans Administration Medical Center in Omaha, Nebraska ("VA medical center"). He alleged the United States Department of Veterans Affairs ("VA") has taken steps to offset a medical debt owed to the VA medical center. Since March 26, 2014, the VA has taken 15% of Plaintiff's social security check to repay the medical debt. (Filing No. 1 at CM/ECF pp. 2-3.) Plaintiff asked the VA to waive the debt several times, but received only a partial waiver of the debt. On July 29, 2014, Plaintiff sent a letter to the VA asking to repay the debt at a rate of $5.00 or $10.00 per month, but he did not receive a response to his request. A VA representative informed Plaintiff that his $540 pension check would also be taken in order to repay his medical debt. (*Id.* at CM/ECF p. 4.)

For relief, Plaintiff seeks punitive damages and also compensatory damages for "money 'unlawfully taken'" and for emotional distress. (*Id.* at CM/ECF p. 6.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Plaintiff alleges the VA has taken steps to offset a medical debt owed to the VA medical center. Specifically, the United States Department of the Treasury's Financial Management Service ("Treasury") reduced the amount of his Social Security benefit payments and federal pension to offset the debt.

A federal government agency may collect a debt owed to it by attaching certain specified federal benefits (such as Social Security benefits and federal pensions), assuming the attachment is properly noticed and the agency is unable to collect the debt by other means. *Yagman v. Whittlesey*, No. 2:12-cv-08413-SVW-CW, 2013 WL 4760968, *1 (C.D.Ca. Aug. 9, 2013) (citing 31 U.S.C. § 3716(a) and *Lockhart v. United States*, 546 U.S. 142 (2005) ("The Debt Collection Act of 1982, as amended, provides that, after pursuing the debt collection channels set out in 31 U.S.C. § 3711(a), an agency head can collect an outstanding debt 'by administrative offset.'")). A federal agency that is owed a delinquent debt "may refer the debt to the Treasury Department, which in turn offsets the amount owed from the benefits disbursed." *Id.* (citing 31 U.S.C. §§ 3716(a), (c)(1)(A)). Any federal agency owed a "a past due, legally enforceable nontax debt that is over 120 days delinquent . . . *shall* notify the Secretary of the Treasury of all such nontax debts for purposes of administrative offset[.]" 31 U.S.C. § 3716(c)(6) (emphasis added).

Before referring the debt to the Treasury, the federal agency must give the debtor:

> (1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;
>
> (2) an opportunity to inspect and copy the records of the agency related to the claim;

3

>   (3) an opportunity for a review within the agency of the decision of the agency related to the claim; and
>
>   (4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

31 U.S.C. § 3716(a).

Here, Plaintiff seeks relief for money "unlawfully []taken." (*See* Filing No. 1 at CM/ECF p. 6.) However, it is unclear based on the facts as they are alleged how the administrative offset of his social security check and federal pension money was unlawful. Plaintiff did not allege the VA failed to give him proper notice of the offset. In addition, Plaintiff did not allege the VA failed to pursue the debt collection channels set out in 31 U.S.C. § 3716(a) prior to collecting the debt by administrative offset. Indeed, based on the facts as they are alleged, the court cannot discern a claim upon which relief may be granted.

On the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that provides additional facts sufficient to state a claim upon which relief may be granted or that clearly sets forth his theory for recovery in this case.

   IT IS THEREFORE ORDERED that:

   1.   Plaintiff will have 30 days to file an amended complaint that clearly states a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendant will be dismissed without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on February 16, 2015.

DATED this 15th day of January, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.